UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WIEGAND, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation,<br><br>Defendant. | No. 2:17-cv-00246-TLN-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court on Plaintiff Robert Wiegand's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendant National Enterprise Systems, Inc. ("Defendant") opposes the motion. (ECF No. 6.) Plaintiff filed a reply. (ECF No. 7.) Having reviewed the briefing filed by both parties and for the reasons set forth below, the Court hereby GRANTS Plaintiff's Motion to Remand. (ECF No. 4.)

**I.　FACTUAL BACKGROUND**

On December 23, 2016, Plaintiff filed a complaint in the Superior Court of California, County of Sacramento against Defendant on behalf of himself and all others similarly situated. (ECF No. 1 at 5–19.) Plaintiff alleges claims pursuant to the California Rosenthal Fair Debt

Collection Practices Act, California Civil Code §§1788–1788.33 which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and California Civil Code §§ 1812.700–1812.702 which requires that California consumers be provided a "Consumer Collection Notice." (ECF No. 1-2 at 5–19.) Plaintiff defines the class as "all persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, an initial written communication in the form of Exhibit '1,' (iii) in an attempt to collect a defaulted consumer debt originally owed to Bank of America, N.A., (iv) which were not returned as undeliverable by the U.S. Post Office (v) during the period one year prior to the date of filing this action through the date of class certification." (ECF No. 1 ¶ 28.)

On February 03, 2017, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1441(b). (ECF No. 1 ¶ 3.) In support of removal, Defendant submitted the declaration of Mark E. Ellis, the Managing Partner of Ellis Law Group, LLP, attorneys for Defendant. (Ellis Decl., ECF No. 6-1 at 1–2.) Mr. Ellis alleges that a nearly identical complaint ("The Timlick Complaint") was filed in Lake County Superior Court by Lisa Arlene Timlick on December 27, 2016. (Ellis Decl. ¶ 2.)

On February 9, 2017, Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction. (ECF No. 4.) Plaintiff's sole challenge is whether the amount in controversy requirement of CAFA is satisfied. In its Opposition, Defendant contends the total amount in controversy exceeds $5,000,000. (ECF No. 6 at 3.) The alleged total is not derived from any practical calculus and instead relies upon the theoretical future claims of potential class members not yet present in this action, asserting, "the aggregated claims of all class members may theoretically exceed the jurisdictional limit of $5 million." (ECF No. 6 at 3.)

**II.    STANDARD OF LAW**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

CAFA gives federal district courts jurisdiction where: (1) the amount in controversy exceeds $5,000,000; (2) the number of members of all proposed plaintiff classes in the aggregate is 100 or greater; and (3) there is minimal diversity between the defendants and plaintiffs. 28 U.S.C. § 1332(d). In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Moreover, the claims of class members may be aggregated to determine whether the amount in controversy requirement has been satisfied. *Id.*; 28 U.S.C. § 1332(d)(6). In a CAFA case, "the proper burden of proof imposed on a [removing] defendant to establish the amount in controversy is the preponderance of the evidence standard." *Rodriguez v. AT&T mobility Services, Inc.*, 728 F.3d 975, 977 (9th Cir. 2013).

"[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 U.S. 547, 550 (2014). However, "[t]he burden of establishing removal jurisdiction under CAFA lies with the proponent of federal jurisdiction." *Turner v. Corinthian Int'l Parking Servs., Inc.*, No. C 15-03495 SBA, 2015 WL 7768841, at *1 (N.D. Cal. Dec. 3, 2015) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). Thus, Defendant must establish that this Court has jurisdiction over Plaintiff's claims. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In order to determine whether the removing party has met this burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### III. ANALYSIS

Plaintiff does not dispute that this matter as pled involves more than 100 class members or that minimal diversity exists between the parties. (*See* ECF No. 4.) The only question before the Court is whether Defendant has established by a legal certainty that the amount in controversy

exceeds $5 million. Defendant argues the amount in controversy is at least $5,000,000 based on the theoretical aggregate future claims of potential class members. (ECF No. 6 at 2.) Plaintiff asserts Defendant fails to meet its burden of proof because Defendant relies on a declaration unsupported by any calculations or estimates. (ECF No. 7 at 2.) The Court agrees. As explained below, under the legal certainty standard, Defendant has failed to satisfy its burden.

### A. California Consumer Collection Notice Violation

Plaintiff seeks statutory damages for himself and all others similarly situated for violations of the California Rosenthal Fair Debt Collection Practices Act in violation of California Civil Code §§ 1788–1788.33, 1812.700–1812.702. (ECF No. 1 at 5.) Defendant contends in its opposition that the estimated amount in controversy is in excess of $5,000,000. (ECF No. 6 at 3.) Plaintiff asserts that Defendant's calculations are not only too speculative, but also completely impossible because Defendant assumes without support that "the combined claims of all class members [will] exceed[ ] $5,000,000, exclusive of interest and costs[.]" (ECF No. 4-1 at 3.) Plaintiff contends the statute caps recovery at $1000 for individual claims and $500,000 for class claims. (ECF No. 7 at 2.) Defendant counters Plaintiff cannot limit the damages of putative class members prior to class certification. (ECF No. 6 at 5.) Defendant further contends Plaintiff cannot legally bind any unnamed members of the proposed class to disclaim any recovery other than statutory damages until the class is certified. (ECF No. 6 at 5–6 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 1345, 1349 (2013).)

Where the plaintiff has alleged facts and pled damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). "[T]he familiar 'legal certainty' standard best captures the proof the defendant must produce." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999–1000 (9th Cir. 2007). It is already required that the party seeking remand for a case initially filed in state court must show with 'legal certainty' that the claim is actually for less than the federal jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 401–02 (9th Cir. 1996). Accordingly, where the plaintiff has pled an amount in controversy less than $5,000,000,

4

the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d at 999–1000.

Here, Defendant has failed to provide any evidentiary calculations in support of its assertion that the amount in controversy exceeds $5,000,000. Defendant alleges that "the aggregated claims of all class members may theoretically exceed the jurisdictional limit of $5 million." (ECF No. 6 at 3.) These allegations, "although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant]'s burden of setting forth…the underlying facts supporting its assertion [for] the amount in controversy [.]" *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Defendant has not brought forth any calculations to persuade the Court that its assumption that unnamed class members will bring aggregate claims exceeding $5,000,000 is a legal certainty. To keep the case from being remanded, Defendant would have to plead an additional $4,500,000 in punitive damages aside from the $500,000 maximum statutory amount that Plaintiff has asserted. While states possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards. *Cooper Industries State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).

> "[T]he Ninth Circuit in Planned Parenthood held that an extremely high ratio of exemplary damages to compensatory damages may be appropriate in cases involving 'particularly egregious' behavior and 'insignificant economic damages,' it nevertheless acknowledged that, as a general matter, a proper exemplary damages award can equal four times the compensatory damages award."

*See Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d 950, 955 (C.D. Cal. 2011) (*citing Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005)). Based on the aforementioned case, at maximum Defendant could plausibly assert an additional $2,000,000 in punitive damages for a total of $2,500,000 in controversy, which still does not meet the CAFA minimum of $5,000,000 in controversy. Accordingly, Defendant has failed to meet its burden to demonstrate the amount in controversy on Plaintiff's California Consumer Collection Notice claim is in excess of $5,000,000. Plaintiff's Motion to Remand is GRANTED.

5

B. Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). After remand, it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits. *Moore v. Permanente Med. Grp., Inc.,* 981 F.2d 443, 445 (9th Cir. 1992). The Supreme Court stated recently:

> Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these "'large objectives,'" [citation omitted] the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141 (2005). Plaintiff conducted calculations regarding attorney's fees and requests an amount of $6,304.50. (ECF No. 4-1 at 5–6.) Plaintiff alleges that he has incurred $2,704.50 in attorney's fees, costs and expenses for researching, preparing and filing this Motion for Remand to address Defendant's removal of this case. (ECF No. 4-1 at 5.) Plaintiff asserts that he anticipates that he will incur an additional $3,600.00 in attorney fees for travel and attendance at the hearing in this matter. (ECF No. 4-1 at 5.) Additionally, to prepare this motion Plaintiff has also incurred the cost and expense of having to obtain PACER copies of many documents contained in the Court's file at a cost of $4.50. (ECF No. 4-1 at 5.)

Plaintiff's generalized calculations are insufficient to support finding an award for attorney's fees. Under Local Rule 293(b), "[a]ll motions for awards of attorney's fees pursuant to statute shall, at a minimum, include an affidavit showing:

> that the moving party was a prevailing party, in whole or in part, in

> the subject action, and, if the party prevailed only in part, the specific basis on which the moving party claims to be a prevailing party; (2) that the moving party is eligible to receive an award of attorneys' fees, and the basis of such eligibility; (3) the amount of attorneys' fees sought; (4) the information pertaining to each of the criteria set forth in (c); and (5) such other matters as are required under the statute under which the fee award is claimed."

L.R. 293(b)(1)-(5). Plaintiff has failed to submit an affidavit to evidence his eligibility for an award of reasonable costs and fees. L.R. 293(c)(1). While rough estimates of Plaintiff's attorney's fees and costs have been provided within Plaintiff's Reply in support of his Motion to Remand, these estimates are inadequate to support an award of attorney's fees and costs.

Further, pursuant to 28 U.S.C. § 1447(c), it does not appear that Defendant removed the case without a reasonable basis for removal or in an attempt to delay litigation or impose costs on Plaintiff. The Court cannot say Defendant's removal was objectively unreasonable as would warrant the award of attorney's fees. Accordingly, Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

### IV. CONCLUSION

For the above state reasons, the Court ORDERS as follows:

1. Plaintiff's Motion to Remand (ECF No. 4) is hereby GRANTED.
2. Plaintiff's request for attorney's fees and costs is hereby DENIED.
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: September 11, 2017

Troy L. Nunley
United States District Judge